[924 NYS2d 462]

In the Matter of MITCHELL S. STERNBACH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 24, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Deborah A. Scalise*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is submitted freely and voluntarily and that he is not being subjected to coercion or duress. He is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for a period of at least seven years.

The respondent is aware that the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) has commenced a disciplinary proceeding against him. He acknowledges that the Grievance Committee served him with a petition dated May 10, 2010, containing six charges of professional misconduct against him, alleging that he failed to cooperate with the Grievance Committee in its investigation of five complaints of professional misconduct against him, and that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4 (communication), 1.3 (b) (diligence) as well as 8.4 (c) (dishonesty) with regard to five legal matters entrusted to him. The respondent acknowledges that he cannot successfully defend himself on the merits against these charges.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order. He is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the respondent's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding authorized by order of this Court dated August 18, 2010 (2010 NY Slip Op 79918[U]) is discontinued in light of the respondent's resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the resignation of Mitchell S. Sternbach is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mitchell S. Sternbach is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mitchell S. Sternbach shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mitchell S. Sternbach is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Mitchell S. Sternbach has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated August 18, 2010 is discontinued.